FUNCTION = SEQ INQUIRY                                                CASE SCREEN 4

   Case number : 17-C-238                          Action Log

        TARA L JACKSON ...................... vs. AMERICAN NATIONAL PROPERTY AND

Line   Date                    Action / Results

   1  07/06/17  COMPLAINT FILED; S/C TO ATTY
   2  07/20/17  RET FROM SEC OF ST; SEC OF ST ACCEPT OF SERV FOR DEF--07/11

C=Chg   D=Del   1-4=Scr   M=Menu   T=Chg Line#   PgUp PgDn P=Prt A=Add I=Image       _

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**Mac Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com



FILED IN MY OFFICE

JUL 20 2017

Teste: Steve W. Kessler
Circuit Clerk

Danny Wright
Fayette County Courthouse
100 Court Street
Fayetteville, WV 25840-1517

**Control Number:** 198602
**Defendant:** AMERICAN NATIONAL PROPERTY
AND CASUALTY COMPANY
5400 D Big Tyler Road
CHARLESTON, WV 25313 US

**Agent:** C. T. Corporation System
**County:** Fayette
**Civil Action:** 17-C-238
**Certified Number:** 92148901125134100002116733
**Service Date:** 7/11/2017

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted
service of process in the name and on behalf of your authorized insurance company.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of
process in the name and on behalf of your authorized insurance company as your attorney-in-fact. Please address any
questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the**
**Secretary of State's office.***

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

# SUMMONS

IN THE CIRCUIT COURT OF FAYETTE COUNTY, WEST VIRGINIA

CIVIL ACTION NO. 17-C- 238

TARA L. JACKSON,                                    PLAINTIFF

V.

AMERICAN NATIONAL PROPERTY
AND CASUALTY COMPANY,                               DEFENDANT

To the above-named Defendant: **AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY**
CT Corporation System
5400 D Big Tyler Road
Charleston, WV 25313

**IN THE NAME OF THE STATE OF WEST VIRGINIA**: You are hereby summoned and required to serve upon **KEVIN B. BURGESS, CHRISTOPHER B. FROST** and **STEVEN R. BROADWATER, JR.,** plaintiff's attorneys, whose address is **P O BOX 959, FAYETTEVILLE, WEST VIRGINIA 25840,** an answer, including any related counterclaim or defense you may have, to the complaint filed against you in the above-styled civil action, a true copy of which is hereby delivered to you. You are required to serve your written answer with the Clerk of this Court, and with a copy of said answer served upon plaintiff's attorneys within **THIRTY (30)** days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

Dated: _July 6, 2017_

_____
Steven W. Keseler
Clerk of Court

**CIVIL CASE INFORMATION STATEMENT**
**CIVIL CASES**

*Paid $200.00*
*SIP to atty*

In the Circuit Court of Fayette County, West Virginia

---

I.  CASE STYLE

Plaintiff:                                              Case #17-C- __238__

**TARA L. JACKSON**                      JUDGE __Hatcher__

v.

Defendant(s):                        Days to                    Type of Service
                                             Answer

American National Property and
Casualty Company                             30                    Secretary of State
CT Corporation System
5400 D Big Tyler Road
Charleston, WV  25313

Original and two (2) copies of COMPLAINT furnished herewith.

| | |
|---|---|
| PLAINTIFF: **TARA L. JACKSON**<br>DEFENDANT: **AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY** | CIVIL ACTION NO. 17-C-_____ |

## II. TYPE OF CASE:

| TORTS | OTHER | CIVIL |
|---|---|---|
| ☐ Asbestos | ☐ Adoption | ☐ Appeal from Magistrate Ct |
| ☐ Professional Malpractice | ☒ Contract | ☐ Petition for Modification of Magistrate Sentence |
| ☐ Personal Injury | ☐ Real Property | ☐ Miscellaneous Civil |
| ☐ Product Liability | ☐ Mental Health | ☐ Other |
| ☐ Other Tort | ☐ Appeal of Administrative Agency | |

III.    JURY DEMAND: ☒ Yes  ☐ No

CASE WILL BE READY FOR TRIAL BY (*MONTH/YEAR*): **01/2018**

IV.    DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS DUE TO A DISABILITY OR AGE? ☐ YES  ☒ NO
IF YES, PLEASE SPECIFY:

☐ Wheelchair accessible hearing room and other facilities
☐ Interpreter or other auxiliary aid for the hearing impaired
☐ Reader or other auxiliary aid for the visually impaired
☐ Spokesperson or other auxiliary aid for the speech impaired
☐ Other: _____

| | | |
|---|---|---|
| *Attorney Name:* | **Kevin B. Burgess**<br>**Christopher B. Frost**<br>**Steven B. Broadwater, Jr.** | *Representing:*<br>☒ *Plaintiff*          ☐ *Defendant*<br>☐ *Cross-Complainant*   ☐ *Cross-Defendant* |
| *Firm Name:* | **HAMILTON BURGESS YOUNG & POLLARD, pllc** | *Dated:*    July 6, 2017 |
| *Address:* | **P O BOX 959**<br>**FAYETTEVILLE, WV 25840** | |
| *Telephone:* | **(304) 574-2727** | |

*Signature*

IN THE CIRCUIT COURT OF FAYETTE COUNTY, WEST VIRGINIA

TARA L. JACKSON,                                   PLAINTIFF

V.                                                 CIVIL ACTION NO. 17-C- 238
AMERICAN NATIONAL PROPERTY
AND CASUALTY COMPANY,                              DEFENDANT

## COMPLAINT

### COUNT ONE – CONTRACT OF INSURANCE

1.    Plaintiff Tara L. Jackson, hereinafter sometimes referred to as "Ms. Jackson" is an individual, and resides in Hico, West Virginia, with her children.

2.    Defendant, American National Property and Casualty Company, herein sometimes referred to as "American National" is a foreign corporation engaged in the insurance business in, among other places, Fayette County, West Virginia.

3.    On June 29, 2012, Ms. Jackson's home suffered severe damage as a result of the derecho that hit southern West Virginia and caused widespread destruction.

4.    On June 29, 2012, Ms. Jackson's home was insured by Defendant American National.

5.    Defendant American National has failed and refused to pay Ms. Jackson's homeowner's claim for damages resulting from the derecho.

6.    As a result of the Defendant American National's failure and refusal to fulfill its contractual obligations, the Plaintiff Tara L. Jackson suffered damages by

way of unpaid insurance proceeds, as well as consequential damages because her house was not repaired in a timely fashion.

**WHEREFORE**, upon Count One of this Complaint, the Plaintiff Tara L. Jackson prays for judgment against the Defendant American National Property and Casualty Company, for compensatory damages, plus interest, plus damages for annoyance, aggravation and inconvenience, plus damages for loss of use of the insurance proceeds.

### COUNT TWO – VIOLATION OF THE WV UNFAIR TRADE PRACTICES ACT

7    Plaintiff Tara L. Jackson re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 6 of the Complaint herein.

8.    Defendant American National Property and Casualty Company is an "insurer" or an "agent" or a "person" as defined by *West Virginia Code* §33-11-2 and the West Virginia Insurance Regulations §114-14-1, *et seq.*

9.    Defendant American National Property and Casualty Company violated the West Virginia Unfair Trade Practices Act in its dealings with the Plaintiff Tara L. Jackson, including but not limited to, its duty to promptly and fairly respond to Plaintiff's claim and otherwise attempt to settle such claim.

10    At all times pertinent hereto, Defendant American National Property and Casualty Company engaged in unfair trade practices as proscribed by *West Virginia Code* §33-11-3 and West Virginia Insurance Regulations §114-14-1, *et seq.*, with

such frequency as to constitute a general business practice in connection with claims for insurance proceeds.

11.   As a direct and proximate result of the unfair claims settlement practices and unlawful acts of the Defendant American National Property and Casualty Company , the Plaintiff suffered loss of use of the insurance proceeds, incurred attorney fees and court costs, and otherwise suffered annoyance, inconvenience and aggravation.

**WHEREFORE,** under Count Two of this Complaint, the Plaintiff Tara L. Jackson prays for judgment against the Defendant American National Property and Casualty Company in an amount as justified by the evidence.

## COUNT THREE -- VIOLATION OF DUTY OF GOOD FAITH AND FAIR DEALING (*HAYSEEDS* CLAIM)

12.   Plaintiff Tara L. Jackson re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 11 of the Complaint herein.

13.   On June 29, 2012, the date Plaintiff Tara L. Jackson had a policy of home insurance in full force and effect, issued by Defendant  American National Property and Casualty Company .

14.   Plaintiff complied with the terms of the contract with Defendant American National Property and Casualty Company and was entitled to be paid by

Defendant American National Property and Casualty Company for the damages to her home.

15. Plaintiff made a demand for payment under the insurance policy with Defendant American National, but Defendant American National breached its contract with Ms. Jackson by failing to pay her claim.

**WHEREFORE**, under Count Three of this Complaint, the Plaintiff Tara L. Jackson prays for judgment against Defendant American National Property and Casualty Company for her damages, including insurance proceeds, attorney fees and court costs, general damages for annoyance, aggravation and inconvenience, and loss of use of insurance proceeds, pursuant to the doctrine set forth in *Hayseeds, Inc. v. State Farm Fire & Cas.*, 352 S.E.2d 73 (W. Va. 1986)

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

TARA L. JACKSON

BY COUNSEL

HAMILTON, BURGESS, YOUNG
&  POLLARD, *pllc*

BY: _____
Kevin B. Burgess  *(WV Bar No. 547)*
Christopher B. Frost  *(WV Bar No. 9411)*
Steven R. Broadwater, Jr.  *(WV Bar No. 11355)*
*Counsel for Plaintiff*
P O Box 959
Fayetteville, WV  25840
304-574-2727

| | |
|---|---|
| PLAINTIFF: Tara L. Jackson | CASE NUMBER: 17-C-230<br>Hon. John W. Hatcher |
| DEFENDANT: American National Property and Casualty Co | |

II.    TYPE OF CASE:

| TORTS | OTHER | CIVIL |
|---|---|---|
| / / Asbestos | / / Adoption | / / Appeal from Magistrate<br>Court |
| / / Professional<br>Malpractice | / / Contract | / / Petition for Modification<br>of Magistrate Sentence |
| / / Personal Injury | / / Real Property | / / Miscellaneous Civil |
| / / Product Liability | / / Mental Health | / / Other Wrongful Death |
| **/X/ Other Tort** | / / Appeal of Administrative<br>Agency | |

III.    JURY DEMAND:    /XX/ Yes        / / No

CASE WILL BE READY FOR TRIAL BY    08  /  18

IV.    DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL
ACCOMMODATIONS DUE TO A DISABILITY OR AGE?    / / YES    /X/ NO
IF YES, PLEASE SPECIFY:

/ /    Wheelchair accessible hearing room and other facilities
/ /    Interpreter or other auxiliary aid for the hearing impaired
/ /    Reader or other auxiliary aid for the visually impaired
/ /    Spokesperson or other auxiliary aid for the speech impaired
/ /    Other:_____

Attorney Name: Lou Ann S. Cyrus (WV Bar No. 6558)  Representing:  Dwayne Brown
    Dominick R. Pellegrin (WV Bar No. 12276)
Firm:        Shuman, McCuskey & Slicer, PLLC
            1411 Virginia St., E., Ste.200        / / Plaintiff    **/X/ Defendant**
Address:    P. O. Box 3953                / / Cross-Complainant    / / Cross-
            Charleston, WV  25339-3953

Telephone:  (304) 345-1400            Dated: August 10 , 2017

                                Signature

/ / Pro Se

IN THE CIRCUIT COURT OF FAYETTE COUNTY, WEST VIRGINIA

TARA L. JACKSON,

      Plaintiff,

v.                                                       CIVIL ACTION NO. 17-C-230
                                                         Hon. John W. Hatcher, Jr.

AMERICAN NATIONAL PROPERY
AND CASUALTY COMPANY,

      Defendant.

## ANPAC'S ANSWER TO PLAINTIFF'S COMPLAINT

**COMES NOW** the Defendant, American National Property and Casualty Company (hereinafter referred to as "ANPAC"), by counsel, Lou Ann S. Cyrus, Dominick R. Pellegrin, and the law firm of Shuman, McCuskey & Slicer, PLLC, and answers the Plaintiff's Complaint as follows:

### Count One – Contract of Insurance

1.     ANPAC is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 1 of the Complaint and, therefore, denies the same and demands strict proof thereof.

2.     ANPAC admits the allegations contained in Paragraph 2 of the Complaint.

3.     This Defendant denies the allegations contained in Paragraph 3 of the Complaint and demands strict proof thereof.

4.     This Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5.     In response to Paragraph 5 of the Complaint, ANPAC admits that it properly denied Plaintiff's claim under the applicable policy, which specially excludes coverage for damage caused by latent defects, improper construction, and/or bulging and expansion of floors.

ANPAC denies that it was under any obligation, contractual or otherwise, to pay Plaintiff's homeowners claim and demands strict proof thereof. ANPAC further denies any and all liability for damages based upon its denial of Plaintiff's homeowner's claim and demands strict proof thereof. Paragraph 5 of the Complaint further states legal conclusions to which no response is required.

6.      In response to Paragraph 6 of the Complaint, ANPAC denies the allegations contained therein and demands strict proof thereof.

7.      ANPAC denies the allegations contained in the first "WHEREFORE" paragraph of the Complaint and specifically denies that Plaintiff is entitled to any recovery directly from ANPAC or from any policy issued by it.

### Count Two – Violation of the WV Unfair Trade Practices Act

8.      In response to Paragraph 7 of Plaintiff's Complaint, ANPAC incorporates by reference the responses contained in Paragraphs 1-7 of its Answer as if fully stated herein.

9.      Paragraph 8 of the Complaint states a legal conclusion to which no response is required; however, to the extent that a response is deemed necessary, ANPAC denies the same and demands strict proof thereof.

10.     In response to Paragraph 9 of the Complaint, ANPAC denies the allegations contained therein and demands strict proof thereof. Paragraph 9 of the Complaint further states legal conclusions to which no response is required.

11.     In response to Paragraph 10 of the Complaint, ANPAC denies the allegations contained therein and demands strict proof thereof. Paragraph 10 of the Complaint further states legal conclusions to which no response is required.

2

12.     In response to Paragraph 11 of the Complaint, ANPAC denies the allegations contained therein and demands strict proof thereof. Paragraph 11 of the Complaint further states legal conclusions to which no response is required.

13.     ANPAC denies the allegations contained in the second "WHEREFORE" paragraph of the Complaint and specifically denies that Plaintiff is entitled to any recovery directly from ANPAC or from any policy issued by it.

### Count Three – Violation of the Duty of Good Faith and Fair Dealing
### (Hayseeds Claim)

14.     In response to Paragraph 12 of Plaintiff's Complaint, ANPAC incorporates by reference the responses contained in Paragraphs 1-13 of its Answer as if fully stated herein.

15.     ANPAC admits the allegations contained in Paragraph 13 of the Complaint.

16.     In response to Paragraph 14 of the Complaint, ANPAC denies the allegations contained therein and demands strict proof thereof. Paragraph 14 of the Complaint further states legal conclusions to which no response is required.

17.     In response to Paragraph 15 of the Complaint, ANPAC admits that Plaintiff made a demand for payment under the insurance policy with ANPAC but states that the same was properly denied under an exclusion to coverage in the applicable policy.  ANPAC denies the remaining allegations contained in paragraph 15 of the Complaint and further explicitly denies that it breached any contract with Plaintiff and demands strict proof thereof.

18.     ANPAC denies the allegations contained in the third "WHEREFORE" paragraph of the Complaint and specifically denies that Plaintiff is entitled to any recovery directly from ANPAC or from any policy issued by it. ANPAC further explicitly denies that Plaintiff is

3

entitled to any recovery against it under *Hayseeds, Inc., v. State Farm Fire & Cas.*, 5353 S.E.2d 73 (W. Va. 1986).

19.     ANPAC denies any and all allegations contained in the Plaintiff's Complaint not specifically admitted herein.

20.     ANPAC denies that Plaintiff is entitled to any judgment against it.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim, in whole or in part, against this Defendant upon which relief can be granted and should, therefore, be dismissed.

### SECOND AFFIRMATIVE DEFENSE

The Complaint against this Defendant may be barred in whole or in part by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

This Defendant denies that it breached any affirmative duty owed to Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

This Defendant acted at all times in accordance with its duties under the applicable insurance policy issued to Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

This Defendant acted at all times in accordance with West Virginia law.

### SIXTH AFFIRMATIVE DEFENSE

The underlying action may be barred by the doctrines of contributory negligence, comparative negligence, assumption of the risk, and any other defenses contained with Rule 8(c) of the West Virginia Rules of Civil Procedure, which this Defendant will affirmatively assert as

4

defenses to the Plaintiff's Complaint filed herein should discovery reveal facts supporting those particular defenses.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were proximately caused by the negligence of persons, firms, or corporations other than this Defendant, and over whom this Defendant had no control.  Thus, this comparatively reduces or bars any negligence or fault attributable to this Defendant.

### EIGHTH AFFIRMATIVE DEFENSE

Damages claimed by the Plaintiff are not covered under the relevant policy.

### NINTH AFFIRMATIVE DEFENSE

This Defendant denies that Plaintiff is entitled to recover any damages whatsoever against it.

### TENTH AFFIRMATIVE DEFENSE

This Defendant reserves any particular defenses under the subject policy of insurance or other defenses that may appear applicable as discovery proceeds in this matter.

### ELEVENTH AFFIRMATIVE DEFENSE

At all times relative to the allegations set forth in the Complaint, Defendant has acted in good faith with respect to all persons or entities that may have an interest in the subject policy of insurance.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant has fully complied with its duties and obligations under the policy of insurance made the subject of the Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

Not being fully advised as to all the facts and circumstances surrounding the allegations contained in Plaintiff's Complaint, this Defendant hereby invokes and asserts all other affirmative defenses which may prove applicable herein, including, but not by way of limitation, those defenses specifically set forth in Rule 8(c) of the West Virginia Rules of Civil Procedure.

## FOURTEENTH AFFIRMATIVE DEFENSE

Any claim for punitive damages against this Defendant violates this Defendant's right to due process under the Fourteenth Amendment of the United States Constitution, and the Constitution of the State of West Virginia, and further violates this Defendant's right to due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution, and the Constitution of the State of West Virginia, and, as a consequence thereof, Plaintiff cannot maintain a cause of action against this Defendant for punitive or exemplary damages. Any award of punitive damages to the Plaintiff would violate the constitutionally- guaranteed right of this Defendant not to be subjected to an excessive award in violation of the Eighth Amendment of the United States Constitution.

Any award of punitive damages to the Plaintiff would violate this Defendant's constitutionally-guaranteed rights under the Fourth, Fifth and Sixth Amendments to the United States Constitution, because punitive damages are penal in nature, and this Defendant is not accorded the same rights and protections as those accorded to a criminal defendant.  This Defendant did not engage in any intentional wrongdoing, any departure from any prescribed or known standard of action, nor in any willful, wanton, malicious, reckless, or egregious conduct; consequently, there is no factual basis to support Plaintiff's claim for punitive damages.

Furthermore, any claim for punitive damages violates and is therefore barred by the provisions of the Constitution of the State of West Virginia including, but not limited to, Article III, Sections 4, 5, 6, and 10, upon the following grounds:

(A)   It is a violation of the due process and equal protection clauses to impose punitive damages against a civil defendant upon a plaintiff's satisfaction of a burden of proof less than that required in criminal cases;

(B)   The procedures, pursuant to which punitive damages may be awarded, fail to provide a reasonable or substantive limit on the amount of the award against this Defendant;

(C)   The procedures, pursuant to which punitive damages may be awarded, fail to provide specific standards for the amount of the award against this Defendant;

(D)   The procedures, pursuant to which punitive damages may be awarded, result in the imposition of different penalties for the same or similar acts;

(E)   The procedures, pursuant to which punitive damages may be awarded, permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct;

(F)   The procedures, pursuant to which punitive damages may be awarded, permit the imposition of excessive fines;

(G)   The award of punitive damages to the Plaintiff in this action would result in the deprivation of property without due process of law.

To the extent that any punitive or exemplary damages are awarded at trial, the imposition of such damages against this Defendant is unconstitutional pursuant to the Excessive Fines Clause of the United States Constitution and the West Virginia Constitution because: (a) the punitive or exemplary damages do not bear a reasonable relationship to the harm allegedly caused by their conduct; (b) the punitive or exemplary damages are excessive when compared to the reprehensibility of their conduct; and/or (c) the punitive or exemplary damages are based on the overall wealth of this Defendant and not on the basis of the financial gain realized from the

7

specific misconduct alleged. *Garnes v. Fleming Landfill, Inc.*, 186 W.Va. 656, 413 S.E.2d 897

(1991); *TXO Production Corp. v. Alliance Resources Corp.*, 187 W.Va. 457, 419 S.E.2d 870

**A JURY TRIAL IS RESPECTUFULLY DEMANDED.**

WHEREFORE, having fully answered Plaintiff's Complaint, ANPAC requests that

Plaintiff's Complaint against it be dismissed, with prejudice, at Plaintiff's cost; that Plaintiff

recover nothing from this Defendant; that this Defendant be awarded its costs and fees associated

with defending this action; and any such other and further relief the Court deems appropriate.

**AMERICAN NATIONAL PROPERTY
AND CASUALTY COMPANY
By Counsel**

Lou Ann S. Cyrus (WVSB # 6558)
Dominick R. Pellegrin, Esq. (WVSB #12276)
SHUMAN, McCUSKEY & SLICER, PLLC
Street: 1411 Virginia Street East, Suite 200 [25301]
P.O. Box 3953
Charleston, WV 25339
(304) 345-1400

IN THE CIRCUIT COURT OF FAYETTE COUNTY, WEST VIRGINIA

TARA L. JACKSON,

     Plaintiff,

v.                                  CIVIL ACTION NO. 17-C-230
                                     Hon. John W. Hatcher, Jr.

AMERICAN NATIONAL PROPERY
AND CASUALTY COMPANY,

     Defendant.

## CERTIFICATE OF SERVICE

The undersigned, counsel for Defendant, American National Property and Casualty Company, do hereby certify that on the _10_ day of August, 2017, the foregoing *ANPAC's Answer to Plaintiff's Complaint* has been served upon the Plaintiff, by providing a true copy thereof, by United States Mail, to the following:

> Kevin B. Burgess (WVSB #547)
> Christopher B. Frost (WVSB #9411)
> Steven R. Broadwater (WVSB #11355)
> Hamilton, Burgess, Young, and Pollard, PLLC
> PO Box 959
> Fayetteville, WV 25840
> *Counsel for Plaintiff*

                         Lou Ann S. Cyrus (WVSB # 6558)
                         Dominick R. Pellegrin, Esq. (WVSB #12276)

9