IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

TARA L. JACKSON

    Plaintiff,

v.          CIVIL ACTION NO. 2:17-cv-03802

AMERICAN NATIONAL PROPERTY
AND CASUALTY COMPANY,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's Motion to Remand. (ECF No. 4.) For the reasons discussed below, the Court **DENIES** the motion.

*I. BACKGROUND*

This case arises out of an insurance claim involving damage to Plaintiff's home, and particularly the floors in her home, in Fayette County, West Virginia, allegedly caused by a 2012 storm. (*See* ECF No. 1-1 at 6 ¶ 3; ECF No. 5 at 1–2.) Defendant denied the claim after a structural engineer discovered problems at the home indicating that the damage actually arose from "settling and a structural/construction defect[,] which are specifically excluded from coverage under Plaintiff's policy." (*See* ECF No. 6 at 3.) Plaintiff is a resident of West Virginia, (ECF No. 1-1 at 6 ¶ 1), and Defendant is "a foreign corporation," (ECF No. 1 at 2).

1

On July 11, 2017, Plaintiff filed her Complaint in the Circuit Court of Fayette County, West Virginia. (ECF No. 1 at 1.) The Complaint states that because Defendant refused to pay Plaintiff under the insurance policy, Plaintiff has "suffered damages by way of unpaid insurance proceeds, as well as consequential damages because her house was not repaired in a timely fashion." (ECF No. 1-1 at 6–7 ¶ 6.) It includes three counts: (1) breach of insurance contract, (2) violations of the West Virginia Unfair Trade Practices Act ("UTPA"), and (3) breach of good faith and fair dealing pursuant to *Hayseeds*. (*See id.* at 6–9 (citing *Hayseeds, Inc. v. State Farm Fire & Cas.*, 352 S.E.2d 73 (W. Va. 1986)).) The Complaint requests compensatory damages, statutory damages under the UTPA, general damages "for annoyance, aggravation and inconvenience," damages "for loss of use of the insurance proceeds," and attorney fees and costs. (*See id.*)

Defendant removed the case to this Court on August 10, 2017, asserting that the sole basis for this Court's subject-matter jurisdiction is diversity pursuant to 28 U.S.C. § 1332. (*See* ECF No. 1 at 1.) Plaintiff filed the current Motion to Remand on September 11, 2017, in which she asserts that this Court lacks diversity jurisdiction over the matter because the amount in controversy is below the $75,000 requirement. (*See* ECF No. 5 at 3–4.) Defendant responded to the motion on September 22, 2017, (ECF No. 6), and Plaintiff did not file a reply brief. As such, this motion is briefed and ripe for adjudication.

## II. LEGAL STANDARD

Article III of the United States Constitution provides, in pertinent part, that "[t]he judicial Power shall extend . . . to Controversies . . . between Citizens of different States." U.S. Const. art. III, § 2. "The district courts shall have original jurisdiction of all civil actions where the matter

in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

Congress provided a right to remove a case from state to federal court under 28 U.S.C. § 1441. This statute states, in relevant part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Because removal of civil cases from state to federal court infringes state sovereignty, federal courts strictly construe the removal statute and resolve all doubts in favor of remanding cases to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941); *see also Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction." (citation omitted)).

The party asserting federal jurisdiction bears the burden of proof. *Landmark Corp. v. Apogee Coal Co.*, 945 F. Supp. 932, 935 (S.D. W. Va. 1996). "A defendant that removes a case from state court in which the damages sought are unspecified, asserting the existence of federal diversity jurisdiction, must prove by a preponderance of the evidence that the value of the matter in controversy exceeds the jurisdictional amount." *Id.* (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992)). "This test is framed alternatively as a requirement that a defendant demonstrate that it is more likely than not that the amount in controversy exceeds the jurisdictional amount." *Id.* (citation omitted). "To satisfy this burden, a defendant must offer more than a bare allegation that the amount in controversy exceeds $75,000," *Judy v. JK Harris & Co.*, No. 2:10–

3

cv–01276, 2011 WL 4499316, at *3 (S.D. W. Va. Sept. 27, 2011) (citation omitted), and must supply evidence regarding the amount at issue. *See McCoy v. Erie Ins. Co.*, 147 F. Supp. 2d 481, 489 (S.D. W. Va. 2001). "In so doing, he may rely upon the entirety of the facts and circumstances comprising the plaintiff's damages claim." *Judy*, 147 F. Supp. 2d at 489 (citation omitted).

In evaluating a party's claim to federal jurisdiction, a court should look toward the circumstances as they existed at the time the notice of removal was filed. *See Dennison v. Carolina Payday Loans, Inc.*, 549 F.3d 941, 943 (4th Cir. 2008) ("[F]ederal jurisdiction . . . is fixed at the time the . . . notice of removal is filed." (citation omitted)). In particular, where the plaintiff's monetary demand is not specified in the complaint, "[t]he value of the matter in controversy . . . is determined by considering the judgment that would be entered if plaintiff prevailed on the merits." *Landmark Corp.*, 945 F. Supp. at 936–37 (citation omitted). To calculate the amount in controversy, a court may consider the entire record and make an independent evaluation of whether the amount in controversy is satisfied. *See Grubb v. Jos. A. Bank Clothiers, Inc.*, No. 2:05-0056, 2005 WL 1378721, at *5 (S.D. W. Va. June 2, 2005) (citation omitted).

### III. DISCUSSION

The sole dispute between the parties as to this motion is whether the Court has diversity jurisdiction over this matter. (*See* ECF No. 5 at 3–4; ECF No. 6 at 4–5.) Defendant asserts—and Plaintiff does not contest—that there is complete diversity between the parties. (*See* ECF No. 1 at 1–2; ECF No. 5 at 3.) Rather, the parties dispute whether the amount in controversy exceeds $75,000. (ECF No. 5 at 3–4; ECF No. 6 at 4–5.)

4

Plaintiff does not specify an amount for the damages that she seeks in the Complaint. (*See* ECF No. 1-1 at 6–9; ECF No. 5 at 3.) Defendant claims in its Notice of Removal that the amount in controversy exceeds $75,000 for several reasons. First, Defendant states that while Plaintiff does not specify an amount of compensatory damages, they allegedly arise out of "severe [real] damage." (ECF No. 1 at 2 (alteration in original).) Further, Defendant notes that Plaintiff is seeking statutory damages pursuant to the UTPA and "damages including attorneys' fees pursuant to *Hayseeds* . . . ." (*Id.*) Due to these various alleged grounds, Defendant claims that the amount in controversy is "well over $75,000.00" and that federal diversity jurisdiction is properly asserted. (*Id.*)

Plaintiff's motion argues that Defendant has failed to meet its burden in showing that Plaintiff may recover more than the jurisdictional threshold amount. Plaintiff avers that "[a]ttorney fees and costs should not enter into the equation" as they are "entirely too speculative." (ECF No. 5 at 3 (citing *Caufield v. EMC Mortg. Corp.*, 803 F. Supp. 2d 519, 529 (S.D. W. Va. 2011)).) Additionally, Plaintiff claims that the damages related to the cost of repairing the home would not amount to $75,000 because "the house itself is of the 'manufactured' variety, and therefore does not enjoy ceramic tile, marble, or exotic hard wood materials for its floor coverings." (*Id.* (stating further that "it is difficult to see how the general claims for annoyance, aggravation, and inconvenience could be otherwise").) While Plaintiff concedes that "[p]erhaps on a good day with a favorable wind, a jury could return a verdict of $75,000 based on this Plaintiff's complaint," she proffers that "it seems highly unlikely." (*Id.* at 4.)

In considering whether Defendant has met the preponderance of the evidence standard, the Court may consider "the type and extent of the plaintiff's injuries and possible damages

5

recoverable . . . ." *See Scaralto v. Ferrell*, 826 F. Supp. 2d 960, 964 (S.D. W. Va. 2011) (quoting *McCoy*, 174 F. Supp. 2d at 489). A defendant seeking removal "*must supply evidence* to support his claim regarding the amount at issue in the case," and the Court "may look to the entire record before it and make an independent evaluation" regarding the jurisdictional amount. *McCoy*, 174 F. Supp. 2d at 489 (emphasis in original) (quoting *Sayre v. Potts*, 32 F. Supp. 2d 881, 886–87 (S.D. W. Va. 1999), *abrogated on other grounds by Scaralto*, 826 F. Supp. 2d at 960). "If the court thinks that a reasonable plaintiff would claim more than $75,000, then the defendant has met its burden of proof." *Scaralto*, 826 F. Supp. 2d at 968 (citation omitted). Notwithstanding Plaintiff's metaphor regarding "a good day with a favorable wind," (*see* ECF No. 5 at 4), "[t]he amount in controversy is not what the plaintiff, his lawyer, or some judge thinks a jury would award the plaintiff assuming he prevails on the merits. It is what the plaintiff claims to be entitled to or demands." *Scaralto*, 826 F. Supp. 2d at 967.

The Court finds that Defendant has met its burden of establishing that the amount sought by Plaintiff is in excess of $75,000. Plaintiff here claims that she is entitled to compensatory, statutory, and other damages from losses she suffered after Defendant refused to accept her claim regarding extensive damage to her home. (*See* ECF No. 1-1 at 6–9.) Defendant attached to its response to the motion a report by "Samuel A. Wood, MS, PE, a Structural Engineer . . . [who] inspected the property on November 28, 2012." (ECF No. 6 at 3; *see* ECF No. 6-1 at 1–3.) The report made several findings, the most notable of which is that the home, which is a "pre-manufactured home" commonly known as a "double wide," suffered from "incomplete marriage wall support." (*See* ECF No. 6-1 at 1, 3.) Double wide homes that are "unsupported from within the crawl space" may suffer a "heave or bow" throughout the middle of the home, which reflects

6

the damage Plaintiff claims resulted from the storm.  (*Id.*; *see also* ECF No. 1-1 at 6 ¶ 3.) Defendant asserts that structural repairs would be needed to fix the home, especially in light of the fact that it has been sitting in this condition for over five years.  (ECF No. 6 at 4.)  If the alleged structural defects bring into question the stability of the entire home—which Defendant suggests and Plaintiff has not disputed—Plaintiff would be seeking no less than the total value covered for the home itself under Defendant's insurance policy, or $77,800.  (*See* ECF No. 6-1 at 12, 14.) This amount does not take into consideration Plaintiff's statutory damages sought under the UPTA nor does it include the damages Plaintiff claims under *Hayseeds*.  These additional damages will only act to increase a figure that already is in excess of the jurisdictional threshold.

Plaintiff does not argue that she seeks less than $75,000 in this case, and she does not dispute the veracity of the report by Mr. Wood or coverage amount provided under the policy. Rather, her argument centers on the idea that she believes it unlikely that a jury would award her that amount and even more improbable that a judge would approve such an award.  As noted above, however, this is not the test for the Court.  *See Scaralto*, 826 F. Supp. 2d at 967–68.  The Court must assess what Plaintiff claims to be entitled to, which Defendant has demonstrated by preponderance of the evidence to be more than $75,000.  Absent some limitation on Plaintiff's potential recovery, the amount in controversy is greater than the jurisdictional requirement.

IV.  CONCLUSION

For the reasons set forth above, the Court finds that the amount in controversy exceeds $75,000.  As such, the Court finds that it has diversity jurisdiction over this matter and **DENIES** the Motion to Remand.  (ECF No. 4.)

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: November 17, 2017

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE